**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-2180
_____

DR. AUDREY CUFF,
Appellant

v.

CAMDEN CITY SCHOOL DISTRICT; LARRY JAMES
_____

On Appeal from the United States District Court
for the District of New Jersey
(No. 1-18-cv-13122)
District Judge:  Honorable Noel L. Hillman
_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
November 19, 2019
_____

Before:  CHAGARES, MATEY, and FUENTES, Circuit Judges.

(Filed: December 5, 2019)

_____

OPINION[*]
_____

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

CHAGARES, Circuit Judge.

Doctor Audrey Cuff appeals the District Court's dismissal of her complaint alleging that the defendants, Camden City School District ("Camden") and Larry James, principal of Woodrow Wilson High School in Camden, New Jersey, engaged in a series of improper employment actions in violation of New Jersey's Conscientious Employee Protection Act, N.J. Stat. Ann. § 34:19-1, et seq. ("CEPA"), and Dr. Cuff's rights under the First Amendment and the Equal Protection Clause of the Constitution. The District Court also denied Dr. Cuff leave to file an amended complaint as to her First Amendment and Equal Protection claims. We will affirm.

I.

We write for the parties and so recount only the facts necessary to our decision. Until May 2018, Dr. Cuff was a non-tenured special education teacher employed by Camden. On June 21, 2017, Camden assigned Dr. Cuff to teach Language Arts in a self-contained classroom[1] at Woodrow Wilson High School. On July 24, 2017, Dr. Cuff was reassigned to teach Health and Chemistry as a special education teacher in an inclusion classroom shared with a general education teacher. Dr. Cuff asserts that this new assignment was a demotion that disregarded her past success teaching in self-contained classrooms and her specializations in Language Arts and Mathematics. Dr. Cuff alleges

---

[1] "Unlike inclusion classrooms, self-contained classrooms educate only special needs children." D.F. v. Collingswood Borough Bd. of Educ., 694 F.3d 488, 491 n.2 (3d Cir. 2012).

that James reassigned her as a "show of power" and asserts that her reassignment deprived special needs students of high-quality teaching. Appendix ("App.") 37.

Also on July 24, 2017, Dr. Cuff sent an email to Lead Educator R. Martinez expressing her opposition to her new assignment. Dr. Cuff requested a transfer to a different school on August 2, 2017, but James rejected her request. James also refused to reassign Dr. Cuff to a self-contained classroom or to one of her subject specialties. In September 2017, James granted a different teacher's request to transfer to another school after that teacher expressed dissatisfaction with Woodrow Wilson High School. Dr. Cuff claims that James granted this transfer request, but denied her own, in retaliation for her expressing opposition to being assigned to a shared classroom.

On September 9, 2017, James offered to assign Dr. Cuff to teach Creative Writing and Psychology in self-contained classrooms. But on September 11, 2019, James informed Cuff that she was reassigned from teaching Creative Writing in a self-contained classroom to teaching Health in a shared classroom. Dr. Cuff claims that James reassigned her this time in retaliation for protesting her July reassignment to a shared classroom in Health and Chemistry.

Dr. Cuff sent an email to Central Administration Lead Educator Dr. Michael Coleman on September 12, 2017, protesting her latest reassignment. She sent another such email on September 14, 2017. Dr. Coleman informed James about Dr. Cuff's objections to her teaching assignment. On September 30, 2017, Dr. Cuff sent a memorandum to Camden's Central Administration Affirmative Action Coordinator, Ms.

3

Buell-Alvis, stating her opposition to her teaching assignment and complaining that James was withholding the textbooks necessary to teach her Psychology class.

On May 9, 2018, Dr. Cuff was non-renewed (let go) by Camden. Dr. Cuff claims that she was non-renewed in retaliation for expressing opposition to her teaching assignments and for protesting the withholding of her class's textbooks.

Dr. Cuff filed this lawsuit on July 25, 2018, in New Jersey state court. She alleged that the defendants violated her rights under CEPA and under the First Amendment and the Equal Protection Clause of the Constitution. The defendants removed this case to federal court on August 23, 2019. On May 2, 2019, the District Court granted the defendants' motion to dismiss for failure to state a claim. Dr. Cuff timely appealed.

## II.

The District Court had jurisdiction pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1367. We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Del. Nation v. Pennsylvania, 446 F.3d 410, 415 (3d Cir. 2006). In reviewing the District Court's dismissal, we accept as true all factual allegations in the complaint. Evancho v. Fisher, 423 F.3d 347, 350 (3d Cir. 2005). But we "need not credit either 'bald assertions' or 'legal conclusions.'" Id. at 351.

## III.

We begin with Dr. Cuff's CEPA claim. New Jersey's CEPA statute provides, in relevant part: "An employer shall not take any retaliatory action against an employee because the employee does any of the following: . . .

4

c. Objects to, or refuses to participate in any activity, policy or practice which the employee reasonably believes:

> (1) is in violation of a law, or a rule or regulation promulgated pursuant to law . . . ;
> (2) is fraudulent or criminal; or
> (3) is incompatible with a clear mandate of public policy concerning the public health, safety or welfare or protection of the environment.

N.J. Stat. Ann. § 34:19-3.

A plaintiff seeking to establish a CEPA violation must demonstrate "that: (1) she reasonably believed her employer was violating a law or rule; (2) she performed a protected whistleblowing activity; (3) an adverse employment action was taken against her; and (4) there is a causal connection between the whistleblowing activity and the adverse action." Fraternal Order of Police, Lodge 1 v. City of Camden, 842 F.3d 231, 240 (3d Cir. 2016). "[T]he complained of activity must have public ramifications" and "must be more than a private disagreement" between employer and employee. Maw v. Advanced Clinical Commc'ns, Inc., 846 A.2d 604, 608 (N.J. 2004).

For the first element of a CEPA claim, a plaintiff need only plead facts to "support an objectively reasonable belief that" some violation of law or public policy has occurred; she need not "allege facts that, if true," would constitute an actual violation. Dzwonar v. McDevitt, 828 A.2d 893, 901 (N.J. 2003). A plaintiff does not need to have a particular law in mind when she blows the whistle on what she believes to be illegal conduct. See id. Rather, either the plaintiff or the "trial court must identify a statute, regulation, rule, or public policy that closely relates to the complained-of conduct," and there must be a "substantial nexus between the complained-of conduct and [the] law or

5

public policy identified." Id. But the "trial court can and should enter judgment for a defendant when no such law or policy is forthcoming" based on the facts alleged. Id.

Dr. Cuff alleges that she reasonably believed that the defendants' actions violated: (1) New Jersey's official misconduct statute; (2) certain students' rights to an adequate education under federal and New Jersey law; (3) Dr. Cuff's rights under the Freedom of Speech Clause of the First Amendment; and (4) Dr. Cuff's rights under the Equal Protection Clause of the Fourteenth Amendment.

The District Court concluded that Dr. Cuff failed to allege any facts showing that she reasonably believed that the defendants' conduct violated any law, rule, or public policy at the time that she complained about it. Rather, the District Court determined that Dr. Cuff's complaint "merely recounts her subjective belief that her assignments were beneath her." App. 15. We agree. And because Dr. Cuff fails to allege sufficient facts to establish the first element of a CEPA claim, we need not address the other three.

## A.

Dr. Cuff first claims she pleaded facts to show that she reasonably believed that her reassignments and the withholding of her students' textbooks constituted criminal misconduct in violation of N.J. Stat. Ann. § 2C:30-2(a), which bars a public official from committing an unauthorized act to benefit herself or another person, to injure another person, or to deprive another of a benefit. See State v. Saavedra, 81 A.3d 693, 703 (N.J. Super. Ct. App. Div. 2013).

We agree with the District Court that Dr. Cuff does not allege any facts showing that she reasonably believed that the defendants committed a crime in reassigning her to

6

a shared classroom to teach a subject in which she did not specialize. Dr. Cuff's complaint does not allege that she voiced concerns to her superiors about what she believed was James's criminal behavior. Rather, Dr. Cuff's expressions of opposition to James's reassignments and to the withholding of textbooks revolved around her opinion that she was overqualified for a shared classroom and was not teaching her preferred subjects. Dr. Cuff cannot sustain a CEPA claim on this basis.

## B.

Dr. Cuff next argues she pleaded facts to show that she reasonably believed that her reassignment to teach Health and Chemistry in a shared classroom, along with the withholding of her students' textbooks, violated her students' rights to an adequate public education under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400(d)(1)(A), and Article VIII § IV of the New Jersey Constitution.

We are not convinced. Dr. Cuff does not plead any facts to suggest that her students' purported deprivation actually motivated her complaints to her superiors. She also does not plead any facts to suggest that the teacher who took over her original assignment was so underqualified that it violated the students' rights. And Dr. Cuff's belief that the defendants did not utilize her skills and experience properly does not reasonably bear on whether any students' rights were violated. Other than her complaint that she could not teach effectively because James was withholding her textbooks, Dr. Cuff did not express any concerns about the quality of her students' education. And this one reference to her students cannot overcome the otherwise clear inference that Dr. Cuff's spat with the defendants was a private employment dispute.

7

C.

Dr. Cuff next asserts that she pleaded sufficient facts to show that she reasonably believed that the defendants violated her rights under the First Amendment's Freedom of Speech Clause. We assess a public employee's free speech claim based on the following standard:

> A public employee's statement is protected activity when (1) in making it, the employee spoke as a citizen, (2) the statement involved a matter of public concern, and (3) the government employer did not have an adequate justification for treating the employee differently from any other member of the general public as a result of the statement he made. A public employee does not speak as a citizen when he makes a statement pursuant to his official duties.

Hill v. Borough of Kutztown, 455 F.3d 225, 241–42 (3d Cir. 2006) (quotation marks and citations omitted).

We recently addressed when a public employee speaks as a citizen in Javitz v. County of Luzerne, 940 F.3d 858 (3d Cir. 2019). In Javitz, we recognized that the "threshold inquiry is whether [the plaintiff] spoke as a citizen or a public employee, and as such, whether her speech was either 'ordinarily within the scope of [her] duties,' or simply relating to those duties." 950 F.3d at 865 (quoting Lane v. Franks, 573 U.S. 228, 240 (2014)). We examined "*[w]ho* [the plaintiff] spoke to, *what* she spoke about, and *why* she spoke at all," and we concluded that, in each respect, her expression fell "outside the scope of her primary job duties and evidence[d] citizen speech." Id.

Given this standard, we conclude that Dr. Cuff's complaint does not sufficiently allege a CEPA claim based on a First Amendment violation. Dr. Cuff's complaints were directed to superiors to whom she would typically address work-related grievances,

8

related solely to her work responsibilities, and appear to have been motivated solely by her dissatisfaction with her assignments. Who Dr. Cuff spoke to (her superiors), what she spoke about (her work assignments), and why she spoke (her dissatisfaction), all indicate that Dr. Cuff could not have reasonably believed that she was speaking as a citizen on a matter of public concern here. See Munroe v. Cent. Bucks Sch. Dist., 805 F.3d 454, 467 (3d Cir. 2015) ("Speech that relates solely to mundane employment grievances does not implicate a matter of public concern.").

## D.

Finally, Dr. Cuff alleges that she pleaded sufficient facts to show that she reasonably believed that the defendants violated her rights under the Equal Protection Clause. The Supreme Court has held that the class-of-one theory that Dr. Cuff relies upon in her Complaint is not applicable in the government employer-employee context. See Engquist v. Or. Dep't of Agric., 553 U.S. 591, 594–95 (2008) (concluding that "a 'class-of-one' theory of equal protection," based on alleged "arbitrary, vindictive, and malicious" treatment, "has no place in the public employment context"). Therefore, the Equal Protection Clause cannot provide a basis for Dr. Cuff's CEPA claim either.

## IV.

We now turn to the Dr. Cuff's standalone First Amendment and Equal Protection claims. The District Court dismissed both and denied Dr. Cuff leave to amend her complaint as to these claims because allowing an opportunity to amend would be futile.[2]

---

[2] To the extent Dr. Cuff argues that the District Court erred in denying leave to amend her complaint as to her CEPA claims, the District Court did not abuse its discretion.

9

We review the District Court's denial of leave to amend for abuse of discretion. Cureton v. Nat'l Collegiate Athletic Ass'n, 252 F.3d 267, 272 (3d Cir. 2001). Generally, "[o]ur precedent supports the notion that in civil rights cases district courts must offer amendment — irrespective of whether it is requested — when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc., 482 F.3d 247, 251 (3d Cir. 2007).

We need not reach the issue of whether the District Court abused its discretion however, because Dr. Cuff forfeited this issue on appeal. "We have long recognized, consistent with Federal Rule of Appellate Procedure 28(a) and Third Circuit Local Appellate Rule 28.1, that an appellant's opening brief must set forth and address each argument the appellant wishes to pursue." Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145 (3d Cir. 2017). "[W]e have consistently refused to consider ill-developed arguments or those not properly raised." Id. (citing Doeblers' Pa. Hybrids, Inc. v. Doebler, 442 F.3d 812, 821 n.10 (3d Cir. 2006)).

Dr. Cuff's opening brief only refers to alleged First Amendment violations in the context of arguing that she sufficiently pleaded a CEPA violation. She does not address her standalone First Amendment or Equal Protection claims. Dr. Cuff does note that our precedent typically allows for leave to amend in civil rights actions. Cuff. Br. 18. However, she presents this argument in reference to her CEPA claims, not her standalone First Amendment and Equal Protection claims. Id. As a result, Dr. Cuff forfeited any

---

Based on the reasons stated in section III, supra, amendment of Dr. Cuff's CEPA claims would be futile.

10

argument that the District Court improperly denied her an opportunity to amend her complaint as to those claims.

V.

For the foregoing reasons, we will affirm the judgment of the District Court dismissing Dr. Cuff's CEPA, First Amendment, and Equal Protection claims and denying leave to amend as to her First Amendment and Equal Protection claims.

11